UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALONZO McKINNEY,<br><br>   Petitioner,<br><br>   v.<br><br>HEDGPETH, Warden,<br><br>   Respondent.<br>_____/ | No. C 14-5458 LB<br><br>**ORDER OF PARTIAL DISMISSAL AND TRANSFER**<br><br>[Re: ECF No. 1] |

## INTRODUCTION

Petitioner, an inmate at Kern Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before a magistrate judge. ECF No. 1 at 7. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order dismisses the one claim about prison conditions without prejudice and transfers the action to the Eastern District for consideration of the two claims challenging the execution of his sentence.

## STATEMENT

The petition for writ of habeas corpus attempts to allege three claims for relief. First, the petition alleges that, on or before September 11, 2011, Mr. McKinney "was den[ied] access to court by Salinas Valley State Prison with court order for summon by Monterey Court." ECF No. 1 at 5.

Second, the petition alleges that Mr. McKinney was denied witnesses (including the reporting employee) and evidence at a disciplinary hearing on September 11, 2011 or earlier. The petition alleges that this discipline resulted in "constraint, duration, extended my freedom, property," *id.*, which the court understands to mean that the discipline imposed lengthened the duration of his confinement, e.g., by loss of time credits. Third, the petition alleges that he was denied witnesses (including the reporting employee) at a disciplinary hearing on or about May 9, 2011. The petition alleges that "this constraint and duration of my confinement extended," *id.*, which the court understands to mean that the discipline imposed lengthened the duration of his confinement, e.g., by loss of time credits.

## ANALYSIS

### I. The Claim For Denial Of Access To The Courts

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

"[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Mr. McKinney's first claim is that he was denied access to the courts by prison officials. A claim for denial of access to the courts does not attempt to challenge either the fact of the prisoner's confinement or the length of his sentence. Rather, it goes entirely to the conditions of his

confinement, and success on such a claim would not result in his immediate release from prison nor shorten his stay in prison. This claim must be pursued in a civil rights action if it is to be pursued in federal court.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of $ 350.00 (plus a $50.00 administrative fee) rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility determinations based on the written submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action. It is not in the interest of judicial economy to allow prisoners to file civil rights actions and claims on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

For the foregoing reasons, the claim for a denial of access to the courts will be dismissed without prejudice to Mr. McKinney filing a civil rights action under 42 U.S.C. § 1983. The Northern District of California would be the proper venue for a civil rights action alleging that prison officials

C 14-5458 LB
ORDER                                3

at Salinas Valley State Prison denied a prisoner access to the courts.

## II. The Claims Challenging Procedural Deficiencies At The Disciplinary Proceedings

The second and third claims allege due process violations in disciplinary proceedings against Mr. McKinney. Although the disciplinary decision may have occurred while he was at the Salinas Valley State Prison in Monterey County, Mr. McKinney is now incarcerated at the Kern Valley State Prison in Kern County. Kern County is within the venue of the Eastern District of California. Mr. McKinney was convicted in Los Angeles County Superior Court. Los Angeles County is within the venue of the Central District of California. Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, the district of confinement is the preferable forum to review the execution of a sentence, such as a claim concerning a prison disciplinary decision. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Because Mr. McKinney is confined in the Eastern District of California and challenging the execution of his sentence in his second and third claims, pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of justice, this action will be transferred to the United States District Court for the Eastern District of California for adjudication of the second and third claims in the petition.

## CONCLUSION

The claim that Mr. McKinney was denied access to the courts is dismissed without prejudice to him filing a new civil rights complaint asserting such a claim. With that claim dismissed, the action is hereby TRANSFERRED to the United States District Court for the Eastern District of California for adjudication of the other claims in the petition.

**IT IS SO ORDERED.**

Dated: January 9, 2015

LAUREL BEELER
United States Magistrate Judge